UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------ x
MUHAMMAD SALEEN,                :
                                :
          Petitioner,           :
                                :
                                :
v.                              :    Civil No. 3:23-cv-147 (AWT)
                                :
WARDEN T. PULLEN                :
                                :
          Respondent.           :
                                :
------------------------------ x
```

## ORDER DISMISSING HABEAS PETITION

On April 9, 2018, the petitioner, Muhammad Saleen, was charged in an indictment in the Southern District of New York with one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). The Government of the Commonwealth of Australia granted the United States' request for the extradition of the petitioner and surrendered him to United States authorities on December 18, 2019. The petitioner was paroled into the United States for the purpose of facing these criminal charges.

On May 25, 2021, the petitioner pled guilty to the indictment pursuant to a plea agreement. On November 29, 2021, the petitioner was sentenced to a term of imprisonment of five years, with credit for time spent incarcerated in Australia while his extradition was pending. The court did not impose a

term of supervised release to follow completion of his sentence. The petitioner's current sentence is set to expire on May 27, 2023.

On February 3, 2023, the petitioner filed a petition for writ of habeas corpus seeking an order requiring the respondent to apply First Step Act credits to his sentence. The petitioner contends that his immigration status does not make him ineligible to earn First Step Act credits. Under the First Step Act, an eligible inmate in Bureau of Prisons custody who successfully participates in Evidence-Based Recidivism Reduction Programs, as defined in 28 C.F.R. § 523.41(a), or Productive Activities, as defined in 28 C.F.R. § 523.41(b), recommended based on the inmate's risk and needs assessment, will earn time credits to be applied toward transfer to supervised release or prerelease custody. Prerelease custody can be in the form of either home confinement or transfer to a residential reentry center.

Here, the Bureau of Prisons cannot apply any First Step Act credits toward early transfer to supervised release because the petitioner's sentence does not include a term of supervised release. Under Section 3624(g)(3), the Director of the Bureau of Prisons may apply an inmate's First Step Act credits such that the inmate begins the term of supervised release up to 12 months earlier than the inmate otherwise would "if the sentencing court

included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583 . . . ." 18 U.S.C. § 3624(g)(3). Here, the sentencing court stated: "Mr. Saleem, I'm sentencing you to the custody of the Attorney General for a period of five years. There will be no period of supervised release to follow, as you will deported from the United States." Sentencing Tr. at 30, Lines 15-18.

Nor can the petitioner be released to prerelease custody in the form of home confinement. He is a Pakistani citizen who was extradited to the United States from Australia and thus has no home in the United States and cannot submit a home confinement release plan.

Finally, the petitioner is not eligible for placement at a residential reentry center. "A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i). A detainer has been lodged against the petitioner by U.S. Immigration and Customs Enforcement. Although neither an administrative order or a final order of removal has been entered with respect to the petitioner, as explained by the government in its response, there is no

provision in the extradition order that would permit the petitioner to remain in the United States once all phases of his criminal case are complete and the sentencing court stated that the petitioner "will be deported" upon completion of his sentence.

For the reasons set forth above, the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is hereby DISMISSED.

The Clerk shall close this case.

It is so ordered.

Dated this 12th day of April 2023, at Hartford, Connecticut.

/s/AWT
Alvin W. Thompson
United States District Judge
